# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Melissa Taylor and Douglas St. Pierre,

    Plaintiffs,

v.

DLI Properties, L.L.C., d/b/a Ford Field, *et al.*,

    Defendants.

_____/

Case No. 15-cv-13777

Judith E. Levy
United States District Judge

Mag. Judge David R. Grand

**OPINION AND ORDER GRANTING SUMMARY JUDGMENT ON PLAINTIFF MELISSA TAYLOR'S INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS CLAIM AND DENYING DEFENDANTS' MOTION FOR LEAVE TO FILE A SECOND MOTION FOR SUMMARY JUDGMENT [36]**

On July 14, 2017, the Court issued an order granting summary judgment to defendants on several of plaintiffs' claims. (Dkt. 33.) In that order, the Court ordered supplemental briefing as to whether summary judgment should also be granted as to plaintiff Melissa Taylor's intentional infliction of emotional distress ("IIED") claim, pursuant to Fed. R. Civ. P. 56(f). (*Id*. at 24-25.) The parties filed

supplemental briefs addressing the claim on July 28, 2017. (Dkts. 35, 37.)

Summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court may not grant summary judgment if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court "views the evidence, all facts, and any inferences that may be drawn from the facts in the light most favorable to the nonmoving party." *Pure Tech Sys., Inc. v. Mt. Hawley Ins. Co.*, 95 F. App'x 132, 135 (6th Cir. 2004) (citing *Skousen v. Brighton High Sch.*, 305 F.3d 520, 526 (6th Cir. 2002)).

"In order to state a claim of intentional infliction of emotional distress, a plaintiff must show (1) extreme and outrageous conduct, (2) intent or recklessness, (3) causation, and (4) severe emotional distress." *Teadt v. Lutheran Church Missouri Synod*, 237 Mich. App. 567, 582 (1999). The Court's previous order noted that "the complaint fails to allege which specific acts [defendants] Wiggins and Farmer committed that rise to the level of 'extreme and outrageous conduct.'" (Dkt. 33 at

25.) The request for briefing asked the parties to generally "address[] whether the Court should grant summary judgment to defendants on Melissa Taylor's IIED claim." (*Id.*) That request was not limited to the issue of which acts Wiggins and Farmer committed to give rise to Taylor's IIED claim.

On review of the briefing, summary judgment must be granted on the IIED claim because Taylor has failed to show that she suffered the severe emotional distress required to sustain her IIED claim. Even assuming that Taylor meets the first three prongs of the IIED test, she argues generally only that she "suffered severe physical and emotional injuries." (Dkt. 37 at 7.) However, her deposition testimony reveals no severe emotional distress, and no treatment for that distress.

Taylor testified that she has not received "any treatment for psychological or psychiatric injuries," and had no "plans to seek any psychological or psychiatric treatment." (Dkt. 21-2 at 8.) She testified that she felt anxiety from wearing an opposing team's jersey in a team's stadium, and from having to afford gasoline to travel to her medical appointments. (*Id.* at 26.) Since the incident, Taylor went to another event at Ford Field, where the events at issue in this case occurred,

without incident and without any manifestation of emotional distress. (*Id.* at 20-21.)

Seeking medical treatment is not a prerequisite to establishing severe emotional distress within the meaning of an IIED claim. *McCahill v. Commercial Union Ins. Co.*, 179 Mich. App. 761, 771 (1989). However, under Michigan law, "[t]he law intervenes only where the distress inflicted is so severe that no reasonable [person] could be expected to endure it." Restatement (Second) of Torts, § 46, Comment j (adopted in *Haverbush v. Powelson*, 217 Mich. App. 228, 235 (1996)). In *Haverbush*, the plaintiff established severe emotional distress by showing that he was fearful of physical harm and interference with his upcoming wedding, worried about his reputation, concerned with the safety of his patients, and affected in the way he did his work. *Id.*, 217 Mich. App. at 235-36.

Here, Taylor's emotional distress consists of wearing an opposing team's jersey to a team's stadium, and anxiety related to being able to afford gasoline for medical appointments. Taylor admitted that neither Farmer nor Wiggins said anything negative to her about her jersey, and has offered no evidence that her being a fan of the opposing team had

4

anything to do with Farmer's and Wiggins' alleged actions. (Dkt. 21-2 at 26.) Taylor offers no evidence that her anxiety related to affording gasoline has affected her ability to go to her medical appointments, or to participate in any other activity she might engage in, including attending other events at Ford Field. She also has not shown that the financial burden is so severe that she cannot be expected to bear it, even if she does manage to participate in her normal activities.

Because Taylor has failed to show that she suffered severe emotional distress, her IIED claim must be dismissed.

Defendants have also moved for leave to file a second motion for summary judgment on plaintiff St. Pierre's Michigan Persons With Disabilities Civil Rights Act ("PWDCRA") claim. (Dkt. 36.) They present two arguments: first, the Court's prior opinion on the summary judgment motions led them to realize that St. Pierre was not disabled under the PWDCRA, and second, even if St. Pierre establishes that he was disabled under the PWDCRA, DLI Properties must be dismissed because it cannot be held vicariously liable for the conduct of Farmer, an independent contractor.

The Court's determination whether to permit a second or successive motion for summary judgment is guided by Fed. R. Civ. P. 16(b)(4), which states that "[a] schedule may be modified only for good cause and with the judge's consent." "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (internal quotation marks and citation omitted).

Plaintiffs argue that the motion should be denied due to the repeated extensions of the scheduling order and length of time between St. Pierre's deposition and the request, and because defendants' motion could not succeed on the merits. If a party can show that 1) a successive motion for summary judgment would succeed in clarifying or eliminating issues for trial, 2) the purpose of the motion is not to abuse the process, needlessly extend the litigation, escape the requirements of page limits, or otherwise engage in gamesmanship, and 3) the party has been otherwise diligent in adherence to the previously set scheduling orders, there is a strong argument to grant leave to file the motion.

Here, the motion must be denied with regard to leave to seek summary judgment on St. Pierre's PWDCRA claim on the grounds that he is not disabled within the definition of the statute. This is so because, as plaintiffs accurately point out, defendants move for summary judgment on the grounds that St. Pierre is not disabled for the purposes of employment discrimination, MICH. COMP. LAWS § 37.1103(d)(i)(A). This is a public accommodation case, and the definition of disability in a public accommodation claim (which is substantially different from the one for employment discrimination) is set forth at MICH. COMP. LAWS §37.1103(d)(i)(B).

For the purposes of an employment discrimination claim, a disability is defined as "[a] determinable physical or mental characteristic of an individual, which may result from disease, injury, congenital condition of birth, or functional disorder, if the characteristic . . . substantially limits 1 or more of the major life activities of that individual and is unrelated to the individual's ability to perform the duties of a particular job or position or substantially limits 1 or more of the major life activities of that individual and is unrelated to the individual's qualifications for employment or promotion." MICH. COMP.

LAWS § 37.1103(d)(i)-(d)(i)(A). For the purposes of a public accommodation claim, a disability is defined as "[a] determinable physical or mental characteristic of an individual, which may result from disease, injury, congenital condition of birth, or functional disorder, if the characteristic . . . is unrelated to the individual's ability to utilize and benefit from a place of public accommodation or public service." MICH. COMP. LAWS § 37.1103(d)(1), (d)(1)(B).

Defendants seek leave to move for summary judgment on the PWDCRA claim on the grounds that St. Pierre is not disabled under the PWDCRA definition of disability for an employment discrimination claim, rather than the definition applicable to his public accommodation claim. Even if the Court granted leave to file the motion for summary judgment, the motion would be denied, because defendants move for summary judgment on the wrong legal grounds.

The Court's prior summary judgment opinion established that DLI Properties has not been shown to be the employer of the individual defendants accused of violating the PWDCRA, and can therefore not be vicariously liable for their actions. DLI Properties did not move for summary judgment on this claim previously. Plaintiffs argue that the

8

motion is unnecessary, because the Court could simply clarify whether its holding regarding DLI Properties' lack of liability for other claims applied to the PWDCRA claim.

Under Fed. R. Civ. 56(f), the Court must give notice and a reasonable time to respond before entering summary judgment on any count where it was not sought, even where the grounds for judgment are already set forth with regard to other claims. Accordingly, notice is given that the Court intends to enter summary judgment in DLI Properties' favor on the PWDCRA claim on the grounds that it cannot be held vicariously liable for the actions of independent contractors. The grant of summary judgment would also dismiss DLI Properties from this case. The parties are permitted five pages of supplemental briefing regarding the grant of summary judgment, due on or before September 20, 2017. The parties may not expand the evidentiary record from what has already been presented to the Court, and must rely on the record as it currently stands.

For the reasons set forth above, it is hereby ordered that:

Summary judgment is GRANTED on Taylor's IIED claim;

Defendants' motion to file a second motion for summary judgment (Dkt. 36) is DENIED; and

The parties are to submit supplemental briefing on the potential grant of summary judgment to DLI Properties on St. Pierre's PWDCRA claim on or before **September 20, 2017**.

IT IS SO ORDERED.

Dated: September 6, 2017  s/Judith E. Levy
Ann Arbor, Michigan  JUDITH E. LEVY
United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 6, 2017.

s/Shawna Burns
SHAWNA BURNS
Case Manager