## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

Melissa Taylor and Douglas St. Pierre,

                    Plaintiffs,

v.

DLI Properties, LLC, d/b/a Ford Field, S.A.F.E. Management, LLC, Donna Farmer, and Sabrina Wiggins,

                    Defendants.

Case No. 15-13777

Judith E. Levy
United States District Judge

Mag. Judge David R. Grand

_____/

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION IN LIMINE [81], NOTING PLAINTIFF'S VOLUNTARY DISMISSAL OF CLAIM, AND FOR <u>SUPPLEMENTAL BRIEFING</u>

On March 5, 2019, the final pretrial conference in this case was held. For the reasons set forth on the record, the Court GRANTS IN PART and DENIES IN PART defendants', Donna Farmer and S.A.F.E. Management LLC, motion in limine (Dkt. 81) as follows:

I.    Defendants' argument that plaintiff should be precluded from mentioning, questioning witnesses, arguing, and/or presenting evidence regarding defendants' insurance coverage is DENIED AS MOOT.

II.    Defendants' argument that plaintiff should be precluded from mentioning, questioning witnesses, arguing, and/or presenting evidence regarding defendants' financial wellbeing, ability to pay any potential damages, and legal expenses is DENIED AS MOOT.

III.    Defendants' argument that plaintiff should be precluded from making any "golden rule" pleas to the jury is DENIED AS MOOT.

IV.    Defendants' argument that Plaintiff should be precluded from making any "civic duty" and/or reptile theory pleas to the jury and/or ask the jury to "send a message" with their verdict is DENIED IN PART as to the reptile theory pleas and GRANTED IN PART as to the "civic duty" pleas and asking the jury to "send a message" with their verdict.

V.    Defendants' argument that plaintiff should be precluded from mentioning, questioning witnesses, arguing, and/or presenting evidence regarding any legislative purposes behind the Michigan Persons With Disabilities Civil Rights Act is DENIED AS MOOT.

VI.    Defendants' argument that plaintiff should be precluded from mentioning, questioning witnesses, arguing, and/or presenting evidence regarding defendants' core values is DENIED AS MOOT.

VII.    Defendants' argument that plaintiff should be precluded from mentioning, questioning witnesses, arguing, and/or presenting evidence regarding irrelevant portions of the personnel files of Defendants' employees is DENIED AS MOOT.

VIII.    Defendants' argument that plaintiff should be precluded from mentioning, questioning witnesses, arguing, and/or presenting evidence regarding any past and/or subsequent allegations of misconduct by defendants and their employees is DENIED AS MOOT.

IX.    Defendants' argument that plaintiff should be precluded from mentioning, questioning witnesses, arguing, and/or presenting evidence regarding any definitions or agency findings regarding

plaintiff's purported disability, other than the applicable legal standard is DENIED AS MOOT.

X.     Defendants' argument that plaintiff should be precluded from mentioning, questioning witnesses, arguing, and/or presenting evidence regarding Melissa Taylor's actions and her interactions with defendants and their employees after she departed from the restroom waiting line is GRANTED IN PART to the extent that the parties discuss Taylor's involvement in the restroom line until she leaves the line and DENIED IN PART as to everything else.

Additionally, the Court notes that plaintiff voluntary dismissed on the record Count V, negligent hiring, to the extent that it remained.

Finally, for the reasons set forth on the record, the parties are to submit supplemental briefing on Count VI, negligent training and supervision, as it pertains to the parties remaining in this litigation. Plaintiff will submit his brief by **Friday, March 8, 2019 at 5:00 p.m.**, and defendants will submit their brief by **Thursday, March 14, 2019, at 5:00 p.m.** The parties' briefs will be no more than **ten pages**.

IT IS SO ORDERED.

Dated: March 6, 2019         s/Judith E. Levy
      Ann Arbor, Michigan       JUDITH E. LEVY
                                 United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 6, 2019.

s/Shawna Burns
SHAWNA BURNS
Case Manager
